IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

DEANDRÉ SMITH,

    Plaintiff,

v.                                                      Civil Action No. 2:12-CV-44
                                                            (Bailey)

HARLEY G. LAPPIN,
TERRY O'BRIEN, *Warden of U.S.P. Hazelton*,
JOHN STEPHENS, *Commissary Officer*, **and**
CHARLES E. SAMUELS, JR., *Director of Federal BOP*,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Doc. 46]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on February 13, 2013 [*Id.*]. In that filing, the magistrate judge recommended that this Court grant Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 34] and deny and dismiss with prejudice the plaintiff's complaint [Doc. 15] filed pursuant to ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971)[1] [Doc. 46 at 10].

---

[1]The plaintiff's filing was recharacterized from a complaint filed pursuant to 42 U.S.C. § 1983 [Doc. 1] to a complaint arising under ***Bivens*** [Doc. 15] because the plaintiff is challenging the conditions of his confinement at a Federal Bureau of Prisons facility [*See* Doc. 6].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on February 14, 2013 [Doc. 47]. Before the deadline for objections, the plaintiff filed a Motion to Enlarge Time to Respond [Doc. 48] and requested an extension of time to March 15, 2013, to file his objections to the R&R [*Id.* at 1]. By Order entered on February 19, 2013, this Court granted the plaintiff's request and extended the deadline for objections to March 15, 2013 [Doc. 49]. Plaintiff timely filed his objections on February 25, 2013 [Doc. 51]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On August 13, 2012, the plaintiff filed a **Bivens** complaint[2] alleging claims of failure

---

[2]On June 25, 2012, the plaintiff's originally filed a complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]; however, the plaintiff was directed to resubmit his complaint on the required form for a complaint arising under **Bivens** because the plaintiff is challenging the conditions of his confinement at a Federal Bureau of Prisons facility [Doc. 6; Doc. 6-1]. The

to protect and deliberate indifference to his serious medical needs in violation of the Eight Amendment [Doc. 15]. The plaintiff alleges that he was working in the commissary on February 2, 2011, and was stabbed by another inmate, Gamez, without provocation [*Id.* at 7]. The plaintiff specifically states that "[he] was repeatedly stabbed in [his] back and arm with an [*sic*] sharpened piece of metal approximately eight inches long" [*Id.*]. The plaintiff alleges that he was stabbed four times and suffered "a fractured scapula, nerve damage in [his] legs and feet, and constant pain in [his] lower back" [*Id.* at 13].

In his **Bivens** complaint, the plaintiff makes the following claims: (1) Defendant Harley G. Lappin, former Director of the Federal Bureau of Prisons, failed to protect the plaintiff by failing to properly train staff members (particularly defendant John Stephens) to prevent weapons from being brought into the commissary [Doc. 15 at 8]; (2) Defendant Terry O'Brien, Warden at U.S.P. Hazelton, failed to protect the plaintiff by failing to provide surveillance cameras in the commissary area, failing to institute "pat down" procedures prior to admitting inmates into the commissary area, and failing to install metal detectors in the entryway to the commissary area [*Id.*]; (3) Defendant Terry O'Brien, Warden at U.S.P. Hazelton, was deliberately indifferent to the plaintiff's serious medical needs by failing to ensure that the plaintiff attended follow up appointments at West Virginia University Hospital [*Id.* at 8, 13]; (4) Defendant John Stephens, Commissary Officer, failed to protect the plaintiff by waiting for assistance before intervening in the attack on the plaintiff [*Id.* at 13]; (5) Defendant Charles E. Samuels, Jr., Director of the Federal Bureau of Prisons, was deliberately indifferent to the plaintiff's serious medical needs by failing to

---

plaintiff submitted the required **Bivens** form and corrected Complaint [Doc. 15] on August 13, 2012.

provide the plaintiff with medication prescribed by West Virginia University Hospital and being denying medical attention to the plaintiff through the sick call system at U.S.P. Hazelton [*Id.* at 9]; and (6) Mr. M. Gyurke, notary and secretary at U.S.P. Hazelton, denied the plaintiff his constitutional rights by failing to provide the plaintiff an affidavit for use in this case [*Id.* at 10]. With regard to relief sought for these claims, the plaintiff seeks $200,000 in monetary compensation and the opportunity to finish his sentence "without retribution for filing this suit" [*Id.* at 13].

On January 2, 2013, the defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 34]. The defendants argue that the plaintiff failed to exhaust his administrative remedies [*Id.*]. In addition, the defendants argue that the plaintiff failed to state a claim upon which relief can be granted [*Id.*]. In response, the plaintiff argues that he established a claim of deliberate indifference to his health and safety by each of the named defendants and that the defendants' motion to dismiss should, therefore, be denied [Doc. 42].

On February 13, 2013, Magistrate Judge Seibert issued his R&R [Doc. 46]. In his R&R, Magistrate Judge Seibert concluded that (1) the plaintiff did not fully and properly exhaust his failure to protect claims against defendants Lappin, O'Brien, and Stephens, (2) the plaintiff failed to initiate any administrative grievance process with regard to his claims of deliberate indifference to his serious medical needs against defendants O'Brien and Samuels, and (3) the plaintiff's claim regarding Mr. M. Gyurke's deliberate indifference for plaintiff's need for an affidavit was never submitted to the administrative grievance process and is against an individual who was not named as a defendant in this proceeding [*Id.* at 7-8]. In addition, the magistrate judge noted that the plaintiff did not allege any facts

4

demonstrating that, prior to the assault, any of the defendants were aware that the plaintiff was in risk of being assaulted by fellow inmate Gamez [*Id.* at 10]. As such, the magistrate judge recommended that this Court deny and dismiss the plaintiff's complaint [Doc. 15] with prejudice and grant the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 34] [*See* Doc. 46 at 10]. The plaintiff filed timely objections to the R&R on February 25, 2013 [Doc. 51].

## II. Applicable Law

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), before a prisoner can bring an action under any federal law with respect to prison conditions, he or she must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement has multiple purposes. First, it "attempts to eliminate unwarranted federal-court interference with the administration of prisons . . .." **Woodford v. Ngo**, 548 U.S. 81, 93 (2006). Second, it "seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* (quoting **Porter v. Nussle**, 534 U.S. 516, 525 (2002)). Third, it "'reduce[s] the quantity and improve[s] the quality of prisoner suits.'" *Id.* (quoting **Nussle**, 534 U.S. at 524).

Exhaustion of grievances is mandatory, "whether they involve general circumstances or particular episodes." *See* **Booth v. Churner**, 532 U.S. 731, 741 (2001). Accordingly, all available administrative remedies, including inmate grievance procedures, must be exhausted before a prisoner can file a complaint in federal court. **Nussle**, 534 U.S. at 524. Failure to properly exhaust all available administrative remedies can result in procedural

default of the prisoner's claims. See **Woodford**, 548 U.S. at 92-93 (recognizing that the PLRA provisions contain a procedural default component). A **Bivens** action is subject to such mandatory exhaustion of administrative remedies prior to instituting the **Bivens** action. **Porter**, 534 U.S. at 524.

The BOP has a four-step administrative remedy process, progressing from the BP-8 level to the BP-11 level. See 28 C.F.R. §§ 542.13 - 542.15. The first step is an attempted informal resolution. 28 C.F.R. § 542.13. If this does not provide the inmate with a satisfactory result, then the second step is to file a formal, written complaint on the BP-9 form within 20 days after the date of the incident of which the inmate is complaining. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the response from the warden at this level, then the third step is to complete a BP-10 appeal to the "appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15. In the event that the prisoner is not satisfied with the Regional Director's response, then the fourth step is to submit a BP-11 appeal to the "General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* These deadlines may be extended where an inmate demonstrates a valid reason for delay as detailed in section 542.14(b). *Id.*[3] Outside the grant of such an extension, failure to timely

---

[3]Section 542.14(b) provides the following:
Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the

6

complete all levels of the complaint process means that the prisoner has failed to exhaust his or her administrative remedies. *See* **Gibbs v. Bureau of Prison Office**, 986 F.Supp. 941, 943 (D. Md. 1997) (discussing the requirement to exhaust all administrative remedies under the PLRA).

### B. *Bivens* Eighth Amendment Claim

In his Complaint, the plaintiff appears to be raising Eighth Amendment failure to protect and inadequate medical care claims [*See* Doc. 15]. Under the Eighth Amendment, prison inmates are entitled to "adequate food, clothing, shelter, sanitation, medical care, and personal safety." **Wolfish v. Levi**, 573 F.2d 118 (2d Cir. 1978), *rev'd on other grounds*, **Bell v. Wolfish**, 441 U.S. 520 (1994). The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." **Farmer v. Brennan**, 511 U.S. 825, 833 (1994) (internal citations omitted). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting **Rhodes v. Chapman**, 452 U.S. 337, 347 (1981)). In addition, the government has an obligation to provide adequate medical care to prisoners; "deliberate indifference to serious medical needs of prisoners" constitutes a violation of the Eighth Amendment. *See* **Estelle v. Gamble**, 429 U.S. 97, 103 (1976) (citing **Gregg v. Georgia**, 428 U.S. 153, 173 (1976)).

To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must meet an objective and a subjective requirement. **Wilson v. Seiter**, 501 U.S.

---

inmate's request for copies of dispositions . . . was delayed.
28 C.F.R. § 542.14(b).

294, 298 (1991).  Under the objective requirement, the prisoner must show that the deprivation was "sufficiently serious." *Id.*  The plaintiff must show that (1) he has sustained a serious or significant mental or physical injury as a result of the challenged condition (*See* **Strickler v. Waters**, 989 F.2d 1375, 1380-81 (4th Cir. 1993)) or (2) the plaintiff's continued, unwilling exposure to the challenged condition creates an unreasonable risk of serious damage to his future health (*See* **Helling v. McKinney**, 509 U.S. 25, 31 (1993)).

Under the subjective requirement, the prisoner must show that the officials acted with a "sufficiently culpable state of mind."  **Wilson**, 501 U.S. at 298.  The inmate must demonstrate that the prison official acted with "deliberate indifference."  **Wilson**, 501 U.S. at 303.  Deliberate indifference requires more than negligence.  **Farmer v. Brennan**, 511 U.S. 825, 835 (1994) (relying on **Estelle**, 429 U.S. at 104); *see also* **Parker v. Maryland**, 413 Fed.Appx. 634, 638 (4th Cir. 2011).  It requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  **Farmer**, 511 U.S. at 837.  A prison official is not liable for deliberate indifference if he or she "did not know of the underlying facts indicating a sufficiently substantial danger" or "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844.

Liability in a **Bivens** case is "personal, based upon each defendant's own constitutional violations."  **Trulock v. Freeh**, 275 F.3d 391, 402 (4th Cir. 2001).  To establish liability in a **Bivens** case, the plaintiff must specify the acts taken by each defendant that violate the plaintiff's constitutional rights.  See **Wright v. Smith**, 21 F.3d

8

496, 501 (2d Cir. 1994); *see also* **Colburn v. Upper Darby Twp.**, 838 F.2d 663, 666 (3rd Cir. 1988). In addition to deliberate indifference, the plaintiff must establish a causal connection to the harm alleged. **Zatler v. Wainwright**, 802 F.2d 397, 400-01 (11th Cir. 1986). Such a causal connection can be established by showing that the defendant was personally involved in the acts resulting in the alleged constitutional deprivation. **Id.**; *see also* **Huggins v. Apperson**, 1995 WL 649895, *6 (4th Cir. Nov. 6, 1995). In cases where a plaintiff is suing an individual in his supervisory capacity, a causal connection can be established by showing that a policy or custom utilized or established by that defendant resulted in the alleged constitutional violation. **Id.**

### C. Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." **Bass v. E.I. Dupont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003) (citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002)); *see also* **Iodice v. United States**, 289 F.3d 270, 281 (4th Cir. 2002). The Court may dismiss a prisoner's complaint sua sponte if the complaint fails to state a claim upon which relief may be granted. *See* 42 U.S.C. § 1997e(c)(1). When assessing whether a complaint should be dismissed for failure to state a claim, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the

allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke****,* 63 F.3d 1305, 1312 (4th Cir. 1995) (*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357)(3d ed. 2004).

### D. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* FED. R. CIV. P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. FED. R. CIV. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323-25; ***Anderson***, 477

U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

### III. Discussion

In his objections, the plaintiff argues that (1) he exhausted his administrative remedies with respect to defendant Stephens by referring to staff members present during the incident in Grievance # 658765-F1; (2) he attempted to exhaust administrative remedies with regard to his claims of inadequate health care, but was prevented from doing so by defendant O'Brien; (3) he was unable to begin grievance procedures because Mr. M. Gyurke prevented him from securing affidavits; and (4) he started wrestling with his assailant in self defense after he was stabbed [Doc. 51].

#### A. Exhaustion of Administrative Remedies With Regard to Defendant Stephens

In the R&R, the magistrate judge concluded that the plaintiff fully exhausted his administrative remedies with respect to a general of claim failure to protect, but failed to name any individuals in that grievance process [Doc. 46 at 8-9]. In his objections, the plaintiff argues that he properly exhausted his administrative remedies with respect to his failure to protect claim against defendant Stephens by referring to "staff" members present during the incident in Grievance # 658765-F1 [Doc. 51 at 2]. However, the plaintiff makes no objection to the magistrate judge's conclusion that, even if the plaintiff had exhausted his administrative remedies, this claim should also be dismissed with prejudice for failure to state a claim upon which relief can be granted [*See* Doc. 51]. To succeed on his failure to protect claim against defendant Stephens, the plaintiff must show that defendant Stephens was aware, prior to the incident, of the substantial risk of harm that inmate

11

Gamez posed to the plaintiff.  *Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (A prison official is not liable for deliberate indifference if he or she "did not know of the underlying facts indicating a sufficiently substantial danger.").  There is nothing in the record to support even an inference that defendant Stephens was aware of any such risk.  As such, regardless of whether the plaintiff fully exhausted his administrative remedies regarding his failure to protect claim against defendant Stephens, the claim must be dismissed with prejudice for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2) ("In the event that a claim . . . fails to state a claim upon which relief can be granted . . ., the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").  Accordingly, this Court hereby **OVERRULES** the plaintiff's objection on this issue.

### B. Claims of Deliberate Indifference to Serious Medical Needs

In his objections, the plaintiff argues that he attempted to exhaust his administrative remedies with respect to his claims of deliberate indifference to his serious medical needs against defendants O'Brien and Samuels, but was prevented from doing so by Warden O'Brien [Doc. 51 at 3].  In particular, the plaintiff claims that his administrative remedy request with respect to these claims was signed by W. Odom, an Associate Warden at U.S.P. Hazelton, as opposed to Terry O'Brien, Warden at U.S.P. Hazelton [*Id.*].  In support of this argument, the plaintiff attaches two administrative remedy forms that were signed by Associate Wardens at the BP-9 level [Doc. 51-1; Doc. 51-2].  The first form is for Administrative Remedy # 658765-F1 (signed by Associate Warden J. Coakley), which pertains to the plaintiff's failure to protect claim that the plaintiff acknowledges was fully

exhausted generally and argues was fully exhausted with respect to defendant Stephens [*See* Doc. 51 at 2; *see also* Section III.A. of this Order]. As such, a signature by an Associate Warden at the BP-9 level does not appear to prohibit the plaintiff from appealing the Warden's decision to the BP-10 level or that corresponding decision to the BP-11 level [*See* Doc. 34 at 3-4; *see also* Doc. 34-4 at 12-13]. Furthermore, the grievance claim (Administrative Remedy #664260-F1) that was signed by Associate Warden W. Odom and the plaintiff alleges pertains to his claims for deliberate indifference to his serious medical needs resulting from the February 2, 2011, incident [*See* Doc. 51 at 3; *see also* Doc. 51-2] merely references a "concern[ ] [that the plaintiff] ha[s] not been seen by a primary care physician for [his] chronic care issues since April 2011" [Doc. 51-2]. The grievance does not appear to relate to the injuries sustained during the February 2, 2011, incident [*See also* Doc. 34 at 2 (stating that only Grievance # 658765 pertains to this proceeding)]. Accordingly, this Court hereby **OVERRULES** the plaintiff's objection on this issue.

### C. Inability to Obtain Affidavit From Mr. M. Gyurke

In his objections, the plaintiff argues that he was unable to start grievance procedures because Mr. M. Gyurke was deliberately indifferent to his need for an affidavit [Doc. 51 at 3]. To the extent that the plaintiff is attempting to raise a deliberate intent claim against Mr. M. Gyurke, this Court notes that the plaintiff did not name Mr. M. Gyurke as a defendant in his Complaint [*See* Doc. 15].[4] To the extent that the plaintiff is alleging that

---

[4]This Court notes that the plaintiff lists a claim for Mr. M. Gyurke's alleged actions in his ***Bivens*** Complaint; however, he does not name Mr. M. Gyurke as a defendant [*See* Doc. 15]. However, even if the plaintiff had named Mr. M. Gyurke as a defendant in his ***Bivens*** Complaint, the plaintiff alleges no facts to support a deliberate indifference claim

Mr. M. Gyurke's failure to provide the plaintiff with an affidavit to pursue a claim against another defendant, this Court notes that those claims must be dismissed for failure to state a claim upon which relief can be granted. In his objections, the plaintiff does not elaborate upon how the record demonstrates that any of the defendants against whom he alleged a failure to protect claim were aware, prior to the incident, of the substantial risk of harm that inmate Gamez posed to the plaintiff. ***Farmer v. Brennan***, 511 U.S. 825, 844 (1994) (A prison official is not liable for deliberate indifference if he or she "did not know of the underlying facts indicating a sufficiently substantial danger."). In addition, with regard to his claims of deliberate indifference to his serious medical needs, the plaintiff failed to exhaust his administrative remedies with respect to these claims. Furthermore, even if the plaintiff had exhausted his administrative remedies on these claims, the plaintiff merely asserts that his medical treatment was delayed; however, the plaintiff does not explain how such a delay has resulted in substantial harm to him or to his future health. See ***Webb v. Hamidullah***, 281 Fed.Appx. 159, 166 (4th Cir. 2008) (A delay in medical treatment is not sufficient to establish an Eighth Amendment claim unless that "delay results in some substantial harm to the patient."). In addition, the plaintiff makes no claims of any policy or custom that would establish a causal connection to defendants O'Brien and Samuels in their supervisory capacity. See ***Zatler v. Wainwright***, 802 F.2d 397, 400-01 (11th Cir. 1986). As such, because there are no facts in the record to which the plaintiff can site for the subjective requirement or causal connection of any of his ***Bivens*** Eighth Amendment

---

against Mr. M. Gyurke.

claims, the claims must be dismissed with prejudice for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2) ("In the event that a claim . . . fails to state a claim upon which relief can be granted . . ., the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). Accordingly, this Court hereby **OVERRULES** the plaintiff's objection on this issue.

### D. Self Defense Wrestling After Stabbing

In his objections, the plaintiff argues that he started wrestling with inmate Gamez only in self defense after he was stabbed [Doc. 51 at 4]. This Court reads this objection as pertaining to the magistrate judge's conclusion that the plaintiff's claims for failure to protect should also be dismissed for failure to state a claim upon which relief can be granted [*See* Doc. 46 at 9-10 (noting that the plaintiff was seen wrestling with inmate Gamez and punching inmate Gamez)]. However, in his objections, the plaintiff does not explain how this argument demonstrates that the magistrate judge's conclusion on this issue was in error. Furthermore, the plaintiff does not elaborate upon how the record demonstrates that any of the defendants against whom he alleged a failure to protect claim were aware, prior to the incident, of the substantial risk of harm that inmate Gamez posed to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (A prison official is not liable for deliberate indifference if he or she "did not know of the underlying facts indicating a sufficiently substantial danger."). As such, because there are no facts in the record to which the plaintiff can site for the subjective requirement of for his failure to protect claims, the claims must be dismissed with prejudice for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2) ("In the event that a claim . . . fails to state a claim upon

which relief can be granted . . ., the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). Accordingly, this Court hereby **OVERRULES** the plaintiff's objection on this issue.

### IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 46]** should be, and is, hereby **ORDERED ADOPTED**. Accordingly, the plaintiff's Objections **[Doc. 51]** are **OVERRULED** and the plaintiff's complaint **[Doc. 15]** is **DISMISSED with prejudice**. In addition, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment **[Doc. 34]** is hereby **GRANTED**. As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** March 27, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE